IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CASEY RALPH CHAMPION | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-09-CV-0689-M |
| | § | |
| PARKLAND JAIL HEALTH, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Casey Ralph Champion, a Texas prisoner, against an entity identified as "Parkland Jail Health," the Dallas County Sheriff's Department, and unnamed nurses at the Dallas County Jail. On April 15, 2009, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Two sets of written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of his suit. Plaintiff answered the interrogatories on May 11, 2009 and May 27, 2009. The court now determines that this case should be summarily dismissed.

-1-

II.

Plaintiff, who suffers from neurovascular glaucoma, has been incarcerated in the Dallas County Jail since January 10, 2009. Soon after book-in, plaintiff was prescribed eye drops and three 800-milligram tablets of Motrin per day to treat his glaucoma. However, plaintiff alleges that unidentified jail nurses either denied him Motrin or gave him smaller amounts than prescribed at various times between January and May 2009.[1] By this suit, plaintiff seeks $1 million in damages and injunctive relief.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

  (1) is frivolous or malicious;

  (2) fails to state a claim on which relief may be granted; or

  (3) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). In order to state a claim on which relief may be granted, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*, 127 S.Ct. at 1965. While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Id.* at 1964-65. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007), *cert. denied*, 128 S.Ct. 1230 (2008).

---

[1] Plaintiff acknowledges that he now receives his prescribed medications. (*See* Mag. J. Sec. Interrog. #2).

B.

The court initially observes that plaintiff has failed to state a claim for relief against the only two defendants named in his complaint--Parkland Jail Health and the Dallas County Sheriff's Department. Federal courts in Texas have uniformly held that entities without a separate jural existence are not subject to suit. *See, e.g. Taylor v. Dallas County Jail*, No. 3-06-CV-0289-K, 2006 WL 1348755 at *2 (N.D. Tex. May 17, 2006) (citing cases). Neither Parkland Jail Health nor the Dallas County Sheriff's Department is a separate legal entity having jural authority. *See Padgett v. Dallas County Sheriff's Office*, No. 3-02-CV-1732-M, 2003 WL 22952522 at *2 (N.D. Tex. Feb. 12, 2003) (recommending dismissal of *pro se* civil rights action against Dallas County Parkland Clinic and Dallas County Sheriff's Office for failing to name a sueable entity as a party defendant); *Magnett v. Dallas County Sheriff's Dept.*, No. 3-96-CV-3191-BD, 1998 WL 51355 at *1 (N.D. Tex. Jan. 20, 1998) (same as to Dallas County Sheriff's Department). For that reason alone, dismissal is proper.

C.

In an attempt to give plaintiff an opportunity to name additional potential defendants, the court asked him to "identify each person or entity you wish to name as a defendant in this action." (Mag. J. Sec. Interrog. #4). Plaintiff responded, in pertinent part:

> All I know is that Jan [sic], Feb [sic], March, I have had a very hard time getting my med from the nurses that pass them out 3 times a day every day on the 6th Floor N. Tower (1st, second, and third shifts) same nurses at time's [sic] they would tale [sic] me no more meds for you, I would ask why and, [sic] was told don't know, I would complain there's only one nurse 1st shift that was always very kind and would go out of her way to help[.] All the other's [sic] are basically rude when your [sic] in distress, and look at you like your [sic] crazy even though for 120 days they been [sic] giving you meds. Then cut you off, and look at you [,] laugh and walk away while you

> stand there crying. And asking why. But they don't look into it for
> you are nothing.

(*Id.*). To the extent plaintiff wants to sue the unidentified nurses who refused to give him his medications, the federal rules do not permit him to do so. *See Vollmer v. Bowles*, No. 3-96-CV-0081-D, 1997 WL 102476 at *2 (N.D. Tex. Feb. 28, 1997), *appeal dism'd*, No. 97-10728 (5th Cir. Sept. 22, 1997), *citing Sigurdson v. Del Guercio*, 241 F.2d 480, 482 (9th Cir. 1956) (federal rules make no provision for joining fictitious or "John Doe" defendants in an action under a federal statute). Unless and until plaintiff is able to identify the nurses, the court cannot direct service on the proper defendants. *See Staritz v. Valdez*, No. 3-06-CV-1926-D, 2007 WL 1498285 at *2 (N.D. Tex. May 21, 2007), *appeal dism'd*, No. 07-10672 (5th Cir. Aug. 23, 2007).

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 11, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE